**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

███████████████████,

                  *Plaintiff,*

    v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                  *Defendants.*

CIVIL ACTION NO. **1:22-cv-04189**

## COMPLAINT

Plaintiff ██████████████████████ ("Plaintiff"), by and through its undersigned

counsel, brings this action against the Partnerships and Unincorporated Associations identified on

the attached **Schedule A** ("Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for federal trademark infringement, trademark counterfeiting,

unfair competition, and false designation of origin, under Sections 32 and 43(a) of the Lanham

Act, 15 U.S.C. §§ 1114, 1125(a), (c), copyright infringement under the Copyright Act, 17 U.S.C.

§§ 106, 501, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action under the Lanham

Act and Copyright Act pursuant to *inter alia*, 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§

1331 and 1338(a) and (b).

3.     Venue is proper in this District under 28 U.S.C. § 1391 including because this Court has personal jurisdiction over the Defendants. Venue is proper and personal jurisdiction exists because:

a.   Defendants have advertised and targeted their unlawful business activities and infringing products to consumers in the Unites States, the State of Illinois (the sixth most populous state in the country), and this District, including through the fully-interactive Internet stores identified in the attached Schedule A that market and offer for sale products in the English language to be shipped to the United States including in this State and District, and that accept payment in U.S. dollars, this includes by displaying Plaintiff's trademarks and copies of copyrighted works on the Internet without permission in connection with listings for products that purport to be made or authorized by Plaintiff but are in fact counterfeit;

b.   On information and belief, each of the Defendants have offered to sell, sold, and shipped products via said fully-interactive Internet stores featuring Plaintiff's trademarks and copyrights to residents of this State and District; and/or because Defendants expect or should reasonably expect their actions to have consequences in this State and District and derive substantial revenue from interstate or international commerce; and,

c.   Certain of Plaintiff's agents or other witnesses or documents related to this litigation are located in this State and District.

4.   As a result of the foregoing and the facts alleged herein, Defendants have purposefully directed their activities at the State of Illinois and this District, Defendants have purposefully availed themselves of the privilege of conducting business in the State of Illinois, the alleged injury to Plaintiff arises out of the Defendants' forum-related activities, and this Court's

exercise of personal jurisdiction over the Defendants comports with traditional notions of fair play and substantial justice.

5. In the alternative, this Court has personal jurisdiction in this District over the Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) because the Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

## THE PARTIES

6. ▮▮▮▮▮▮ is a corporation organized and existing under the laws of ▮▮▮▮▮▮ ▮▮▮. As discussed more particularly below, Defendants are selling and offering for sale products which bear counterfeit reproductions of Plaintiff's trademarks and purporting to be products authorized by Plaintiff and concerning Plaintiff's valuable properties related to ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff is the owner of all the right, title, and interest to the subject trademarks and copyrights, all of the subject trademarks and copyrights are, respectively, the subject of United States trademark registrations and copyrights registered with the United States Copyright Office, and Plaintiff is the sole holder of the rights to sue for infringement thereof.

7. Defendants are individuals and/or entities who own and/or operate one or more Internet stores that are infringing Plaintiff's intellectual property under the seller aliases identified on Schedule A and/or other seller aliases yet to be discovered by Plaintiff. On information and belief, the Defendants reside in, operate in, or distribute goods from the People's Republic of China or other foreign jurisdictions that lack rigorous, consistent, or reliable trademark and copyright enforcement systems. Defendants have the capacity to be sued pursuant to Rule 17(b) of the

Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

### Plaintiff and Its Intellectual Property

8.      Plaintiff is the sole owner of all the intellectual property, including trademarks and













True and correct copies of registration certificates for the ███████████ are attached as **Exhibit 1.** Many of Plaintiff's ██████████ are incontestable under 15 U.S.C. § 1065. The ███████████ are valid and constitute conclusive evidence of Plaintiff's ownership of and exclusive right to use the ████████ in commerce in connection with the registered goods and services.

12. Plaintiff owns all right, title, and interest in and to the █████████████ ████████.

13. The ██████████ are inherently distinctive. The ██████████ have been continuously used and have never been abandoned. The ██████████ are valid, subsisting, and in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.

14. Plaintiff has invested significant time and resources in developing and obtaining intellectual property rights in and to its ██████████████████.

15. Plaintiff has made extensive use of the ██████████ in connection with its

successful marketing and sales of goods and services related to the ███████.

16. Due to Plaintiff's widespread use of and extensive advertising and marketing under the ██████████, Plaintiff has built up highly valuable goodwill in its █████████, and said goodwill has become closely, uniquely, and exclusively identified and associated with Plaintiff.

17. To maintain the strength of its rights in the ████████████████████ ████ protects and enforces its intellectual property rights.

18. ████ has not licensed or otherwise authorized Defendants to use, or to offer any goods or services under or in connection with, any of the ████████████████ or confusingly similar variations thereof.

19. In addition, Plaintiff owns all the rights, title, and interest in the following copyright registrations, encompassing works constituting or related to the ███████:

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

The foregoing copyright registrations are hereinafter referred to as the ████████ True and correct copies of registration certificates for the ████████ are attached as **Exhibit 2.**

20. The characters and character names prominently featured in and made famous by Plaintiff's motion picture and the ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████





24. Long before Defendants' conduct that Plaintiff complains of herein, Plaintiff by and through itself and/or its licensees, has offered for sale and sold to consumers products and merchandise bearing the ███████████████.

**Defendants' Unlawful Conduct**

25. Plaintiff is informed and believes that Defendants are operating one or more of the Internet stores under the seller aliases listed in the attached Schedule A, either individually or jointly, and Defendants are advertising and selling the counterfeit goods in the State of Illinois and in this District.

26. Plaintiff is informed and believes that Defendants are concealing their identities to prevent Plaintiff from discovering their actual identities and the scope of their counterfeiting operations. Plaintiff intends to amend the Complaint if, through discovery or otherwise, it is able to determine Defendants' identities or other details regarding their business operations.

27. Plaintiff is informed and believes that Defendants have designed their Internet stores to deceptively appear like authorized entities selling genuine ███████ even though they are not authorized to do so and even though their goods and/or services under the ███████ ███████ are not genuine; Defendants intentionally designed their Products and Internet stores to look legitimate, accepting payment in U.S. dollars via credit cards, PayPal, and Google Pay; and Defendants intentionally designed their Internet stores to include images and design elements that make it difficult for consumers to distinguish them from authorized websites; Defendants' Internet stores include references to customer service and use indicia of authenticity and security that consumers have come to associate with authorized retailers, including "Buyer Protection" and "Secure Payment" text and Visa®, MasterCard®, and PayPal® logos, which consumers often associate with legitimate websites and businesses.

28. Plaintiff is informed and believes that Defendants monitor websites that track and report on trademark and copyright infringement litigation and consult with each other in a concerted effort to avoid enforcement efforts and/or recovery of monetary judgements against

them, including by communicating through QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com to discuss and report on tactics for evading detection or recovery of assets, including by operating multiple accounts, monitoring pending and potential new lawsuits, and transferring funds to overseas accounts.

29. Plaintiff is further informed and believes that Defendants conceal their identities in their listings in numerous and diverse ways, and by several layers of deception, including but not limited to the following: registering their Internet stores under aliases; employing privacy services to conceal their identities and contact information; and creating new websites and accounts, including with the identities listed in Schedule A of the Complaint, as well as other unknown fictitious names and addresses.

30. Plaintiff is further informed and believes that Defendants are coordinating their efforts among themselves to avoid detection and/or escape liability based upon the following similarities among many of the Defendant's stores: the Internet store layouts are similar; many of the counterfeit products offered by the various Defendants are similar, similarly priced, include similar volume discounts, and the products appear to have been designed or obtained from the same source; the domain name registration patterns are similar across many of the Defendants; many of the Internet stores use the same search engine optimization tactics and HTML user-defined variables; many of the Internet stores use the same domain redirection; and, failure to provide accurate or meaningful contact information online.

31. The U.S. government has recognized that counterfeit goods shipped from overseas pose health, safety, economic, and national security rights and that e-commerce facilitates counterfeiting trafficking. *See* **Exhibit 3**, "Combating Trafficking in Counterfeit and Pirated Goods: Report to the President of the United States", U.S. Department of Homeland Security's

Office of Strategy, Policy, and Plans (Jan. 24, 2020) (the "USDHS Report"). According to the USDHS Report, "[a] counterfeiter seeking to distribute fake products will typically set up one or more accounts on third-party marketplaces, and these accounts can often be set up quickly and without much sophistication or many specialized skills. . . . In some cases, counterfeiters hedge against the risk of being caught and their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. A key underlying problem here is that on at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling. In the absence of full transparency, counterfeiters can quickly and easily move to a new virtual store if their original third-party marketplace is taken down." *Id.* at 22. Plaintiff is informed and believes that Defendants are engaging in such practices and harms. *See also* **Exhibit 4**, "Alibaba, Amazon, and Counterfeiting in the Age of the Internet," 40 NW J. INT'L L. & BUS. 157, 186 (2020); *see also* **Exhibit 5**, "Intellectual Property Rights Seizure Statistics," U.S. Customs and Border Protection (2020).

32. Plaintiff is informed and believes that Defendants' infringement and counterfeiting has been knowing and willful.

33. Defendants knowing and willful misconduct has and will continue to cause irreparable harm to Plaintiff, including because:

a. Defendants have infringed upon ████████████████████ by creating, manufacturing, selling, and/or offering to sell counterfeit products and/or products which infringe upon Plaintiff's ████████████████████ by selling and/or offering for sale unauthorized, unauthentic, and counterfeit products in connection with the ███████ ████████████████ (the "Counterfeit Products");

b. Defendants have used Plaintiff's intellectual property in an unauthorized

manner in order to sell, advertise, describe, mislead, deceive, and trade upon Plaintiff's brand;

    c.   Defendants have engaged in unfair competition;

    d.   Defendants have sold unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Plaintiff and protected by the ███ ███████; and,

    e.   Defendants have unfairly and unjustly profited from all the foregoing activities at the expense of Plaintiff.

34. Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Counterfeit Products. Defendants directed, supervised, and/or controlled activity that infringes the ████████████████████, including through the sale of Counterfeit Products. Defendants have a direct financial interest in, and gain a direct financial benefit from, infringing activity and have and will continue to realize profits from the sale of the Counterfeit Products all to the harm of Plaintiff and its intellectual property rights unless they are enjoined and restrained.

35. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## <u>COUNT I</u>
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114, 1125(a))

36. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37. Plaintiff owns all right, title, and interest in the ██████████████████ ███████.

38. Defendants have used in commerce marks and designs that are identical to, nearly identical to, or highly similar to the ████████████████ in connection with the sale, offering for sale, importation, distribution, and/or advertising of the Counterfeit Products.

39. Defendants have used in commerce, without Plaintiff's permission, the ████ ████████████████████ in a manner that is likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendants' goods and/or to cause consumers to mistakenly believe that Defendants and/or Defendants' goods are affiliated, associated, or connected with, or are approved or sponsored by, Plaintiff and/or Plaintiff's goods.

40. Defendants' actions constitute infringement of the ████████ in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

41. Upon information and belief, Defendants' actions are willful and in bad faith.

42. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the ████████ and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable ████████.

43. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, and is further entitled to and is further entitled to recover from Defendants its actual, compensatory, and exemplary damages, disgorgement of profits, treble damages, increased profits, attorneys' fees and costs, and pre-judgement and post-judgment interest.

## COUNT II
## FEDERAL TRADEMARK COUNTERFEITING, 15 U.S.C. § 1114

44. Plaintiff repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

45. Plaintiff owns all right, title, and interest in and to the ███████████ ███████.

46. Plaintiff has not authorized Defendants to use the ████████████████, or other designations that are identical to, counterfeit of, or colorable imitations of the ████████ ██████████████.

47. Defendants products employ marks and designs that are identical to, counterfeit of, or colorable imitations of the ████████████████.

48. Defendants have willfully used in commerce, without Plaintiffs permission, marks, logos, and other designations that are identical to, counterfeit of, or colorable imitations of the ███████████.

49. Defendants' unauthorized uses of the registered ███████████ ██████████ in connection with Defendants' goods constitutes unauthorized use of ██████ ███████████ in commerce.

50. Defendants' unauthorized uses of the registered ███████████ ██████████ is likely to cause confusion, mistake, or deception among consumers and the public as to the source of Defendants' goods and/or to cause consumers to mistakenly believe that Defendants and/or Defendants' goods are affiliated, associated, or connected with, or are approved or sponsored by, Plaintiff and/or Plaintiff's goods and services.

51. Defendants' acts constitute trademark counterfeiting of the ████████████ under 15 U.S.C. §§ 1114(1)(a), (b).

52. Upon information and belief, Defendants' acts are willful and in bad faith.

53. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the ███████ and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable ██████.

54. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, and is further entitled to recover from Defendants its actual, compensatory, and exemplary damages, statutory damages per use of counterfeit mark per type of goods or services at-issue pursuant to 15 U.S.C. § 1117(c), disgorgement of profits, treble damages, increased profits, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

55. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Plaintiff is the owner of all right, title, and interest in and to the ███████ ██████████.

57. Defendants have used and are using in commerce, without Plaintiff's permission, marks, logos, and other designations that are identical to or substantially similar to the ██████ ████████████ on and in connection with the Counterfeit Products.

58. Defendants' promotion, marketing, offering for sale, and sale of products and

merchandise bearing marks, logos, and other designations that are identical to or substantially similar to the ███████████████████ has created and continues to create a likelihood of confusion, mistake, and deception among the public as to the origin, affiliation, sponsorship, connection, and/or association of Defendants' Counterfeit Products.

59. By using the ████████ in connection with the sale of unauthorized products, Defendants have engaged in unfair competition and have create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

60. Defendants' unfair competition and false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

61. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, in the ███████████████████████ .

62. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the ████████ and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective directors, officers, agents, and employees, and all persons acting in concert with Defendants are immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable ████████ .

63. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, and is further entitled to and is further entitled to recover from Defendants its actual, compensatory, and exemplary damages, disgorgement of profits, treble damages, increased profits, attorneys' fees and costs, and pre-judgement and post-judgment interest.

## <u>COUNT IV</u>
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

64. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

65. The ▮▮▮▮▮▮▮▮ are the subject of valid U.S. copyright registrations that were registered prior to the filing of this Complaint.

66. Plaintiff, at all relevant times, has been the holder of the U.S. copyright registrations and exclusive rights of and belonging to Plaintiff, including but not limited to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have significant value and the underlying works have been produced and created at considerable expense.

67. Plaintiff's ▮▮▮▮▮▮▮▮ and related products and merchandise include a copyright notice advising the general public that Plaintiff's goods and services are protected by the Copyright Laws of the United States.

68. Plaintiff's copyrighted works were published prior to Defendants' acts complained of herein. As such, Defendants have had access to Plaintiff's publicly available ▮▮▮▮▮▮▮.

69. Upon information and belief, Defendants had access to Plaintiff's copyrighted works through Plaintiff's normal business activities. Upon information and belief, after accessing Plaintiff's works, Defendants wrongfully created copies of the copyrighted works without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

70. Plaintiff is informed, and thereon alleges, that Defendants further infringed the

21

█████████ by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the ██████, without the permission of Plaintiff.

71. Defendants have displayed, offered for sale, sold, and imported products that are substantially similar to or virtually identical to the ██████ in whole or in part.

72. The Defendants, each without the permission or consent of the Plaintiff, have offered for sale, sold, imported, and continue to sell, online infringing copies or derivative works of the ██████. The Defendants each have violated Plaintiff's exclusive rights under Section 106 of the Copyright Act, including the rights of reproduction, distribution, and the right to make derivative works. The actions of the Defendants each constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. § 101 *et seq*.).

73. As a direct result of the Defendants' acts of copyright infringement, Plaintiff has been damaged and Defendants have obtained profits they would not have otherwise realized but for their infringement of the ██████. Plaintiff is entitled to damages and disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

74. As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

75. The conduct of each of the Defendants, and Defendants collectively, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting the Defendants each from further infringing the ██████, and ordering that the Defendants each destroy all unauthorized and/or infringing copies and

reproductions of Plaintiff's copyrighted works. Defendants' copies, plates, and other embodiments of the copyrighted work from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, under 17 U.S.C. § 503.

**COUNT IV**
**VIOLATION OF ILLINOIS STATE UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510)**

76. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

77. Defendants have promoted, marketed, offered for sale, and sold products and merchandise bearing marks, logos, and other designations that are identical to or substantially similar to the ███████████████████, and as such have passed off their products and merchandise as those of Plaintiff's, when they are not. Defendants' foregoing conduct has caused a likelihood of confusion, mistake, or deception as to the source, sponsorship, affiliation, connection, and/or association of their products and merchandise with the genuine products of Plaintiff.

78. Defendants' forgoing conduct constitutes a willful violation of the Illinois State Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

79. As a direct and proximate result of Defendants' wrongful acts alleged herein, the public has been harmed and Plaintiff has suffered and continues to suffer damage to its trademark rights, reputation, and goodwill. Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the ████████ and the goodwill associated therewith, in an amount as yet unknown. Plaintiff has no adequate remedy at law for this injury, and unless Defendants and each of their respective directors, officers, agents, and employees, and all persons acting in concert with Defendants are

immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable ██████████.

80. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief. Further, Defendants have wrongly obtained profits from their infringing conduct to which Plaintiff is entitled to recover, along with other damages, costs, fees, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, directors, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the ████████████████████ or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the manufacture, distribution, importation, marketing, advertising, offering for sale, or sale of any product that is not an authorized product of Plaintiff or is not authorized by Plaintiff to be sold in connection with the ████████████████████;

   b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the ██████████████████;

   c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the ████████████████████████;

   d. further infringing the ██████████████████ and damaging Plaintiff's goodwill;

e.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendants' internet stores, product listings, or any domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the ███████ or which are derived from the ███████ ███████

f.  operating and/or hosting websites at the Defendants' internet stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the ███████, or which are derived from the ███████;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and payment processors, social media platforms such as, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendants domain names, and domain name registrars, shall:

a.  disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which bear the ███████ ███████, including any accounts associated with the Defendants listed on Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the ███████, or which are derived from the ███████; and,

c.  take all steps necessary to prevent links to the Defendants' internet stores identified

on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants' internet stores from any search index.

3) That Defendants each destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's copyrighted works;

4) That the Court order for impoundment and forfeiture all of Defendants' copies, plates, and other embodiments of the copyrighted work from which copies can be reproduced as instruments of infringement, under 17 U.S.C §503;

5) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

6) For Judgment in favor of Plaintiff and against Defendants that they have willfully infringed Plaintiff's rights in the ████████, pursuant to 15 U.S.C. § 1114;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

8) For Judgment in favor of Plaintiff and against Defendants that they have: a) willfully infringed Plaintiff's rights in the ████████ pursuant to 17 U.S.C. §501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

9) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, at the election of Plaintiff;

10) That Plaintiff be awarded its reasonable attorneys' fees and costs;

11) That Plaintiff be awarded pre- and post-judgment interest; and,

12) Any and all other relief that this Court deems just and proper.

Dated: August 9, 2022

Respectfully submitted,

/s/ Mir Y. Ali
Mir Y. Ali
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago IL  60606
312.258.5594 (direct)
mir.ali@afslaw.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 9, 2022

Respectfully submitted,

/s/ Mir Y. Ali
Mir Y. Ali
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago IL  60606
312.258.5594 (direct)
mir.ali@afslaw.com
*Attorneys for Plaintiff*