# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VORTEX, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 1:22-CV-04189 <br><br> Hon. Lindsay C. Jenkins |

## NON-PARTIES ALIPAY MS AND ALIPAY US'S SURREPLY IN FURTHER OPPOSITION TO PLAINTIFF VORTEX'S MOTION FOR WRIT OF EXECUTION

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
(312) 705 7400 (phone)
(312) 705 7401 (fax)
AndrewSchapiro@quinnemanuel.com

Carey R. Ramos (*Pro Hac Vice*)
Jianjian Ye (*Pro Hac Vice*)
51 Madison Avenue
22nd Floor
New York, New York 10010
careyramos@quinnemanuel.com
jianjianye@quinnemanuel.com

Non-parties Alipay Merchant Services Pte Ltd. ("Alipay MS") and Alipay US, Inc. ("Alipay US") submit this memorandum of law to further oppose Plaintiff Vortex, Inc. ("Vortex")'s Motion for Writ of Execution (the "Motion" or "Mot.").[1]

I. **Vortex's Screenshot Evidence Does Not Show Any Purchases Or Payments Originating from Illinois And Thus Cannot Support Personal Jurisdiction Over Alipay MS Or Alipay US**

The threshold issue on this Motion is whether Vortex has established personal jurisdiction over Alipay MS and Alipay US in Illinois. The only connection Vortex alleges to link Alipay MS and Alipay US to Illinois is its assertion that "the funds in Defendants' Alipay MS accounts in Singapore were received from Illinois consumers who purchased counterfeit products from Defendants and transferred payments to the Defendants." Dkt. No. 68 (Plaintiff's Reply in Support of Its Motion for Turnover of Funds ("Reply")) at 5.

Vortex represents to this Court that it has presented "sufficient evidence" to support this assertion because it "provided evidence of counterfeit shipments to Illinois in the Complaint." Reply at 4–5. Yet the purported evidence—screenshots that Vortex presented *for the first time in its Reply*—is on inspection not what Vortex represents it to be. Vortex tells the Court that it has provided "evidence of counterfeit shipments to Illinois in the Complaint" and points to URLs buried in a spreadsheet (Schedule A) attached to the Complaint. *Id.* at 4. One such URL that Vortex relies on as an example in its Reply is https://gyazo.com/7c465b1997f26aabfb134bba20cc9b59, which takes the reader to a website operated by a service called Gyazo that stores screenshots on request—in this case at Vortex's request. Reply at 4 n.8; Dkt. No. 68-1 (Declaration of Jeff Leung in Support to [sic] Plaintiff's

---

[1] Vortex moved this Court on April 28, 2023 for a Writ of Execution. Dkt. No. 52. However, in its reply brief, Vortex changed its motion to "Motion for Turnover of Funds." Dkt. No. 68 at 1. It remains unclear what procedural rules that Vortex is moving under.

1

Reply on Its Motion for Turnover of Funds ("Leung Decl.")) ¶ 8. Vortex tells the Court that the screenshot contained in this URL demonstrates that a Defendant, CNtoys Store, "sold [counterfeit products] to the state of Illinois" and shows "an exact location in the state of Illinois where the product sold by CNtoys Store was shipped." Reply at 4. However, a closer look at this screenshot (below) reveals that *no such sale ever occurred*.



As is clear from the screenshot, the purported purchaser is a fake individual named John Smith. This fake purchaser has a fictitious phone number, +1 0000000000. The only thing that is not fake in the shipping information section is the address—219 South Dearborn Street, Chicago, Illinois, United States, 60604—which is the address of the Everett McKinley Dirksen U.S. Courthouse, the seat of this Court.[2] As such, the screenshot simply does not show any actual sale

---

[2] Vortex's counsel Jeff Leung states, in his sworn declaration, that "[t]he URL provided in the column titled 'Screenshot of Shipment to Illinois' shows an exact location in the state of Illinois where the product *sold* by CNtoys Store *was* shipped." Leung Decl. ¶ 9 (emphasis added).

2

from CNtoys Store to Illinois consumers (whom Vortex describes as "Illinois residents"), unless one is to believe that a John Smith residing in the federal courthouse actually placed this order and received this shipment.

Moreover, it is a screenshot of the check-out page on AliExpress.com, rather than a confirmation of a completed order or of an actual shipment or delivery in Illinois that can demonstrate that shipment actually occurred—*or that an actual payment was made by an "Illinois consumer" as Vortex maintains*. Such a screenshot of the AliExpress check-out page can be easily fabricated regardless of whether the shipping address is real. For example, one can create a similar screenshot (below) for Santa Claus (with a fictitious number +1 1234567890) at 1776 Made Up Street Address in Fakeville, Other, United States, 12345, as the Non-parties have done to demonstrate this point. *See* Declaration of Isabel Peraza in Support of Alipay MS and Alipay US's Surreply ("Peraza Decl.") ¶¶ 3–6.



Tellingly, Vortex never explained in its Reply or accompanying declaration how its screenshots were created, who created them, and when they were created. In its excessive zeal to establish personal jurisdiction, Vortex resorts to manufactured evidence located at a URL cited in a spreadsheet attached to its Complaint in the underlying action. This Court should not accept

3

such fabricated screenshots as evidence of anything, much less the basis for personal jurisdiction over Alipay MS and Alipay US.

But that is not all: Vortex's fabrication does not stop with these screenshots regarding CNtoys Store. A quick sampling of other URLs cited in Schedule A to the Complaint—URLs that Vortex claims to be evidence "of Shipment to Illinois"—yields the same conclusion.[3] Reply at 4. For instance, Vortex uses the same "John Smith" and the address of this Court as the shipping address for purported purchases from JayZZ Store, ZZONEKID Store and Baa Store—purchases that plainly never occurred. Peraza Decl. ¶¶ 9–10, 12–13, 15–16. Moreover, these merchants are still selling products unrelated to the Texas Chainsaw Massacre ("TCM")—so that the funds in their Alipay MS accounts may well be derived from sales of products that have nothing to do with this case, including sales of non-TCM products outside Illinois—indeed anywhere in the world. *Id*. ¶¶ 8, 11, 14. Vortex's attempt to grab those funds on the pretext that they came from sales to "Illinois consumers" is entirely unsupported by the facts.

To sum up, the linchpin of Vortex's personal jurisdiction argument concerning Alipay MS and Alipay US is that "payments were made to Defendants' Alipay accounts from Illinois residents who purchased counterfeit products from Defendants." Reply at 4. However, the screenshot evidence that Vortex introduces for the first time in its Reply does not show that any sale actually took place in Illinois, that any products were actually shipped to Illinois, that any payment was processed in or sent from Illinois, or that the funds in the Defendants' Alipay MS accounts in

---

[3] In addition, Vortex has not laid the proper foundation for offering this screenshot and others that can be accessed at the URLs provided in the "Screenshot of Shipment to Illinois" column in Schedule A to the Complaint. Vortex also never authenticated any of those screenshots. Alipay MS and Alipay US object to their admission as evidence on these grounds as well as those stated above.

Singapore came from Illinois.[4] In fact, it is fake evidence. As such, Vortex fails to establish that Alipay MS or Alipay US have the requisite contacts with Illinois to warrant the assertion of personal jurisdiction.

II. **The Transaction Services Agreements Cited by Vortex Do Not Show Activities by Alipay MS in Illinois**

Vortex also submits, ***for the first time in its Reply***, Transaction Services Agreements for AliExpress.com and Alibaba.com for the purpose of purportedly showing that Alipay MS "acts in concert with other Alipay entities" to transfer payments out of the United States such that it is subject to personal jurisdiction in Illinois. Reply at 3, 7–8. But the law is clear that Vortex must establish that Alipay MS engages in such conduct ***in Illinois*** before it can be haled into court here. Vortex cites to a generic sentence in the Transaction Services Agreements for AliExpress.com and Alibaba.com that says nothing about any payment processing services conducted by Alipay MS in Illinois. Reply at 3. Indeed, Alipay MS does not maintain or use any accounts in Illinois—a fact that Vortex never offered any evidence in its Reply to counter.[5] *Compare* Opp. at 9 and Reply at 7.

---

[4] Vortex's Reply is replete with factual assertions that the Defendants actually **sold** counterfeit products to Illinois and received payments from Illinois consumers, and that such payments are in the Defendants' Alipay MS accounts in Singapore. *E.g.*, Reply at 2 ("Defendants are online merchants selling counterfeit products to Illinois residents on Alibaba.com and AliExpress.com that use Alipay to process electronic payments from Illinois residents for Defendants' counterfeit products"); at 3 ("Alipay is a critical intermediary between an Illinois consumer and Defendants"); at 9 ("Moreover, it is incongruous that Alipay MS would face liability if it turned over the frozen funds in Defendants' accounts resulting from their sales of counterfeit product"). The only evidence Vortex offers to support these assertions are fabricated screenshots of fictitious sales.

[5] Vortex speculates that Alipay MS might "use" accounts in Illinois even though it does not have or maintain any such accounts in Illinois. Vortex offers zero evidence to support such speculation.

Vortex also uses its newly-introduced evidence to argue that "Alipay transfer[red] payments originating from the United States, including the state of Illinois, and provide[d] its payment and settlement service to Defendants" and therefore "Alipay falls squarely within the line of cases Vortex cited." Reply at 8. Yet Vortex conveniently ignores that, in the subsequent history of the only case cited in support of this assertion, *Nike v. Wu*, the court expressly refused to allow a plaintiff to attach accounts located abroad—in that case in China—to satisfy a U.S. judgment— holding that the "writ of the Sheriff of New York County does not run to China." *Nike, Inc. v. Wu*, No. 13 CIV. 8012 (CM), 2020 WL 257475, at *29 (S.D.N.Y. Jan. 17, 2020), *aff'd sub nom. Next Invs., LLC v. Bank of China*, 12 F.4th 119 (2d Cir. 2021). So not only does Alipay MS not "fall squarely" into the caselaw Vortex invokes, but that caselaw explicitly cautions that U.S. courts' personal jurisdiction is limited by principles that Vortex would have this Court ignore.

III. **Conclusion**

For the foregoing reasons and those stated in their Opposition, Alipay MS and Alipay US respectfully request that this Court deny Vortex's Motion and award Alipay MS and Alipay US the fees and expenses they have incurred in responding to the Motion.

6

DATED: July 18, 2023          Respectfully submitted,

By */s/ Andrew H. Schapiro*

Andrew H. Schapiro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
(312) 705 7400 (phone)
(312) 705 7401 (fax)
AndrewSchapiro@quinnemanuel.com

Carey R. Ramos (*Pro Hac Vice)*
Jianjian Ye (*Pro Hac Vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, New York 10010
careyramos@quinnemanuel.com
jianjianye@quinnemanuel.com

7