UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Vortex, Inc.,

    *Plaintiff*,

v.

The Partnerships and Unincorporated Associations Identified on Schedule A,

    *Defendants*.

No. 22 CV 4189

Judge Lindsay C. Jenkins

**ORDER**

    Plaintiff Vortex, Inc. brought this lawsuit for infringement of its trademarks and copyrighted material related to *The Texas Chainsaw Massacre* films. The Court entered a preliminary injunction freezing Defendants' assets [Dkt. 39, 40] and later granted default judgment in favor of Vortex, awarding $200,000 in damages against each Defaulting Defendant [Dkt. 47, 51]. The Amended Judgment ordered third parties holding Defaulting Defendants' assets to turn the funds over to Vortex. [Dkt. 51 ¶ 8.] One third party, Alipay Merchant Services Pte Ltd. ("Alipay MS"), refused to release such funds. [Dkt. 60 at 1–2.] Before the Court are Vortex's motion for a writ of execution [Dkt. 52] and the parties'[1] many follow-on filings.[2] As explained below, the Court requires further input from the parties before it can rule on the motion.

    Several Defaulting Defendants hold $32,316 in Alipay Platform accounts, which Vortex seeks to have turned over to it. [Dkt. 52; Dkt. 52-1 at 4–5; Dkt. 60 at 3.][3] The Alipay Entities refuse because, among other reasons, they contend they are not subject to personal jurisdiction in this Court. [Dkt. 60 at 6–13, 15.] Alipay US also denies that it holds any of the Defaulting Defendants' funds. [*Id.* at 15.] Vortex asks the Court to order the Alipay Entities (or at least one of them) to turn over the funds.

---

[1]     The Court uses this shorthand for convenience only; Alipay is not a party to this case.
[2]     The Court grants Alipay MS's motion for leave to file a surreply [Dkt. 69] and considers that filing as well as the further briefs in ruling on Vortex's motion, but the Court admonishes the parties to fully comply with the Local Rules and the Court's standing orders in the future [*see* Dkt. 75].
[3]     Alipay is a payment platform used by many Chinese citizens and entities, including the online marketplaces Alibaba.com and AliExpress.com. [Dkt. 52-1; Dkt. 61 ¶ 6; Dkt. 62 ¶ 6; Dkt. 71-2 at 53–55.] Alipay MS is a Singapore company, and its affiliate Alipay US is a Delaware Corporation with its principal place of business in California. [Dkt. 60 at 2; Dkt. 61-1 ¶ 3; Dkt. 62 ¶ 3.] The Court refers to these entities as follows: The "Alipay Platform" refers to the payment platform, "Alipay MS" or "Alipay US" refers to the specific entity, and "the Alipay Entities" refer to both Alipay MS and Alipay US.

1

[Dkt. 52.] Determining whether the Court can and should enter such an order necessitates the Court to resolve several issues.

Most fundamentally, entering an order compelling one or more Alipay Entities to turn over the funds requires the Court to have personal jurisdiction over them. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) ("Personal jurisdiction refers to a court's power to bring a person into its adjudicative process." (cleaned up)). Vortex's efforts to collect on its judgment must also "accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a); *see Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010) (indicating that Rule 69 requires state procedure to be followed when collecting on a judgment from a party bound by an injunction). Here, that means complying with Illinois law as set out in 735 ILCS 5/2-1042. Further, Vortex's effort to enforce its judgment in an American court against funds held overseas implicates international comity, which might cause the Court to abstain from ordering the Alipay Entities to turn over the funds, even if it has jurisdiction to do so. *See Finova Cap. Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (discussing abstention on international comity grounds); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987) ("American courts should … take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state."); *United States v. First Nat'l Bank of Chi.*, 699 F.2d 341, 345 (7th Cir. 1983) (requiring a "sensitive balancing of the competing interests at stake" when a court order might subject a litigant to liability in a foreign country).

Several of these issues require further development, but the Court can resolve one argument now. Vortex contends that even if the Court lacks personal jurisdiction over the relevant Alipay Entities, they waived any objection by "accept[ing] service of this Court's prior orders, actively communicat[ing] with Vortex regarding compliance with the Court's orders …, and further compl[ying] with the Court's prior orders to freeze Defendants' accounts." [Dkt. 52-1 at 7.] Personal jurisdiction arguments can be waived, *see, e.g.*, *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir. 1993), but the Alipay Entities argue that they objected to personal jurisdiction in correspondence with Vortex's counsel and that they complied with the preliminary injunction voluntarily. [*See* Dkt. 60 at 3–4.] The Alipay Entities' counsel details his correspondence with Vortex's counsel, noting that he raised and reiterated his objection to personal jurisdiction on several occasions and that Alipay MS's compliance was voluntary, based on its respect for intellectual property rights and its independent review of Vortex's evidence of infringement. [*See* Dkt. 64 and exhibits thereto.] Vortex's reply does not dispute this evidence or discuss the waiver issue at all. [*See* Dkt. 71.] Therefore, the Court finds that the Alipay Entities did not waive personal jurisdiction objections.

Turning to the substantive issues presented here, the Court requests further input from the parties on the following topics, as detailed below: (1) the standard for

2

assessing personal jurisdiction, (2) compliance with Illinois judgment execution procedures, and (3) further information about relevant Singapore law. By requesting this additional information, the Court does not mean to suggest that these are the only issues relevant to resolution of Vortex's motion.

**Personal jurisdiction:** The Alipay Entities state that Vortex "must establish a *prima facie* case of personal jurisdiction to survive dismissal," which it must support with admissible evidence. [Dkt. 60 at 5 (quoting *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015)).] This is the standard when the Court rules on a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Under this standard, the Court accepts jurisdictional allegations as true unless they are squarely contradicted by the defendant's evidence. If so, the Court presumes that the defendant's evidence is true unless the plaintiff produces evidence to raise a dispute, in which case the Court resolves any disputes in the plaintiff's favor. *See Howell v. Bumble, Inc.*, 2023 WL 6126492, at *3 (N.D. Ill. Sept. 19, 2023) (discussing this standard in detail and citing Seventh Circuit caselaw).

The situation here is somewhat different for two reasons. First, the Alipay Entities are not defendants. Nevertheless, the Court will apply the standards detailed above unless the parties identify a different applicable standard. Second, and more significantly, when a motion to dismiss for lack of personal jurisdiction is denied without an evidentiary hearing, it will usually be without prejudice to renewal based on the evidence adduced in discovery or at trial. *See, e.g.*, *Fields v. Wright Med. Tech., Inc.*, 2016 WL 8715929, at *4 (N.D. Ind. June 24, 2016). Here, however, the Alipay Entities will not receive a second opportunity to contest personal jurisdiction. If they do not request an evidentiary hearing and Vortex makes a prima facie showing of jurisdiction, then as long as the other requirements are satisfied, the Court will order the Alipay Entities to turn over the frozen funds. If the Alipay Entities wish to hold Vortex to its burden of proving jurisdiction by a preponderance of the evidence, *see Purdue Rsch. Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003), the Court must hold an evidentiary hearing. The parties are advised that such a hearing will be in person and that any witness testifying live must appear in person.

**Compliance with Illinois law:** The parties dispute whether Vortex complied with Illinois's procedures for executing judgments to the necessary extent. As the Alipay Entities observe, 735 ILCS 5/2-1402 requires serving a citation. [Dkt. 60 at 4–5 (citing *Dexia*, 602 F.3d at 885 ("Under Illinois law—which governs Dexia's proceedings to execute its judgment—restraining orders are proper against third-party defendants and citation respondents." (citations omitted)).] Vortex argues that strict compliance is unnecessary and that its efforts were sufficient to comply with due process. [Dkt. 71 at 10 (citing *Signature Fin., LLC v. Shtayner*, 2020 WL 2041347 (N.D. Ill. Apr. 28, 2020)).] *See also Resol. Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("Though authority is sparse we doubt that [the Rule 69(a) drafters] meant to borrow the *entire* procedural law of the state, so that in supplementary

3

proceedings in federal district courts in Illinois the judge would apply the Illinois rules of civil procedure and of evidence rather than the counterpart federal rules." (citations omitted)). Vortex should address whether it wishes to take any additional steps to comply with Illinois law; if its past efforts are insufficient, it will not be given another opportunity to attempt to collect from the Alipay Defendants in this Court.

**Singapore law:** One of the Alipay Entities' primary arguments in favor of abstention on international comity grounds is that Alipay MS faces potential liability if it releases the Defaulting Defendants' funds other than by permission of those Defendants or pursuant to a Singapore court's order. [Dkt. 60 at 13–14; Dkt. 63.] The Court understands the potential risk to Alipay MS to be limited to civil liability in a suit by one or more of the Defaulting Defendants. [*See* Dkt. 63 ¶ 10.] To better understand how an order by this Court might affect Alipay MS, the Court asks the Alipay Entities to address any defenses Alipay MS could raise in the actions they believe Alipay MS could be subject to. In particular, the Alipay Entities should address: (1) the effect, if any, of this Court's finding of infringement by the Defaulting Defendants and (2) the preclusive effect a Singapore court would give a judgment of this Court adjudicating the rights to the frozen $32,316 as between the Alipay Entities and the Defaulting Defendants. The Court also requests that Vortex indicate whether it may wish to address any substantive issues of Singapore law.

For the foregoing reasons, the Court enters and continues Vortex's motion for execution. [Dkt. 52.] The Court directs the parties to confer regarding the topics the Court has requested more information on and to file a joint status report by October 19, 2023 indicating the parties' positions on these issues, whether the parties need additional time to prepare substantive responses to the Court's questions, and, if applicable, proposing a schedule for further proceedings on Vortex's motion. If there are matters beyond the scope of the Court's requests that the parties wish to address in their status report or in supplemental filings, they should request leave to do so.

Enter: 22-cv-4189
Date: October 5, 2023

_____
Lindsay C. Jenkins
United States District Judge